IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00401-CR

No. 10-07-00402-CR

 

Michael Louis Anderson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court Nos. M200604025 and
M200604026

 



MEMORANDUM  Opinion










 

            Michael Louis Anderson was convicted
of possession of marijuana under two ounces and unlawfully carrying a weapon, a
club.  Tex. Health & Safety Code Ann.
§ 481.121(a), (b)(1) (Vernon 2003); Tex.
Pen. Code Ann. § 46.02 (Vernon Supp. 2008).  He was sentenced to 180
days in jail for each offense.  The trial court ordered the sentences to run
concurrently.  Anderson appealed.  Because the evidence is both legally and
factually sufficient to support both convictions, the trial court’s judgment is
affirmed.




Background

            Anderson was driving a single-cab
pickup when he was pulled over by an officer from the Venus Police Department
for not having a license plate light.  The officer discovered that Anderson had an outstanding warrant and arrested Anderson.  During a search of the pickup,
the officer discovered a marijuana “roach” in the center console next to the
driver’s seat.  Another officer discovered another marijuana “roach” behind the
driver’s seat.  A club was also discovered behind the driver’s seat. 

Sufficiency of the
Evidence

            In reviewing the legal sufficiency of
the evidence, this Court looks at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Bigon
v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).  

            The factual sufficiency of the
evidence standard of review was recently restated by the Court of Criminal
Appeals:

In a factual-sufficiency review, the evidence is
reviewed in a neutral light. Roberts v. State, 220 S.W.3d 521, 524 (Tex.
Crim. App. 2007); accord Johnson v. State, 23 S.W.3d at 7.  Only
one question is to be answered in a factual-sufficiency review:  Considering
all of the evidence in a neutral light, was a jury rationally justified in
finding guilt beyond a reasonable doubt? Watson, 204 S.W. 3d at 415. 
Evidence can be factually insufficient in one of two ways:  (1) when the
evidence supporting the verdict is so weak that the verdict seems clearly wrong
and manifestly unjust; and (2) when the supporting evidence is outweighed by
the great weight and preponderance of the contrary evidence so as to render the
verdict clearly wrong and manifestly unjust.  Roberts, 220 S.W.3d at 524
(citing Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 11); see
also Castillo v. State, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007). 
"[A]n appellate court must first be able to say, with some objective basis
in the record, that the great weight and preponderance of the . . . evidence
contradicts the jury's verdict before it is justified in exercising its
appellate fact jurisdiction to order a new trial."  Watson, 204
S.W.3d at 417.  A reversal for factual insufficiency cannot occur when
"the greater weight and preponderance of the evidence actually favors
conviction."  Roberts, 220 S.W.3d at 524.  Although an appellate
court has the ability to second-guess the jury to a limited degree, the
factual-sufficiency review should still be deferential, with a high level of
skepticism about the jury's verdict required before a reversal can occur. Watson,
204 S.W.3d at 417; Cain, 958 S.W.2d at 410. 

 

Grotti v. State, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008).  Further, a jury is not
required to credit appellant's explanations, regardless of how reasonable they
may be.  Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  

Marijuana

            In his first two issues, Anderson contends the evidence is legally and factually insufficient to support his
conviction for possession of marijuana.  He argues the evidence was legally
insufficient because there was no evidence that Anderson had possession of the
marijuana because the testimony was not specific or conclusive as to who owned
the vehicle, who had been driving the vehicle, or any other indication of
actual possession of the marijuana.  He argues the evidence is factually
insufficient because he offered contrary evidence as to when the marijuana was
left in the vehicle.

            Anderson was the sole occupant of a
single cab pickup.  Anderson is seen on the video shown to the jury getting out
of the driver’s side of the pickup.  Further, on the video, one of the officers
stated that the pickup “came back” to Anderson.  At trial, Anderson referred to
the pickup as “my truck.”  One marijuana roach was found in the center console
which would have been within the immediate access of the driver.  The other
marijuana roach was found on the floorboard behind the driver’s seat.  Anderson’s explanation was that the marijuana was left over from his arrest nine months
earlier.  He thought he had everything cleaned out of his pickup.  The officer
who arrested Anderson for this offense also arrested Anderson for the previous
offense.  Anderson was in the same pickup for the previous offense.  The
officer testified that the marijuana in the pickup from the previous offense
was removed and was not returned to Anderson.  He also testified that he
believed the entire pickup had been searched.

            Based on a review of the evidence in
the light most favorable to the verdict, any rational trier of fact could have
found that Anderson was in possession of the marijuana beyond a reasonable
doubt.  Accordingly, the evidence is legally sufficient.  Further, the jury was
not required to credit Anderson’s explanation of why the marijuana was in his
pickup.  Considering all of the evidence in a neutral light, the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Accordingly,
the evidence is factually sufficient.  Anderson’s first and second issues are
overruled.

Club

            In his third and fourth issues, Anderson asserts that the evidence is legally and factually insufficient to support the
conviction of unlawful carrying a weapon.  Specifically, Anderson contends that
there is no evidence that the instrument found met the definition of a club
because he stated he used it as a walking stick and to ward off dogs.  Anderson contends the evidence is factually insufficient because his explanation of the
use of the instrument outweighs all evidence of guilt.

            A club is defined as an instrument
that is specially designed, made, or adapted for the purpose of inflicting
serious bodily injury or death by striking the person with the instrument.  Tex. Penal Code Ann. § 46.01(1) (Vernon Supp. 2008).  The arresting officer described the instrument as a wooden club
approximately three feet long with black electrical tape wrapped around it as
if it was a handle.  It was located behind the seat in Anderson’s pickup.  The
officer believed it to be an illegal weapon because of the way it had been
altered.  It looked to the officer like it was a broom stick and had electrical
tape around it as a handle to use when swinging it.   

            The instrument was admitted into
evidence.  It is a heavy wood piece, an inch in diameter and three feet long. 
It is rounded at one end and has been sawed off at the other end.  The sawed
end is wrapped in what appears to be a red shop towel and black electrical tape. 
The towel appears to extend about seven inches from the end of the sawed end of
the instrument and the tape is wrapped completely around the towel and extends
another inch down the instrument.  The sawed end is not taped or covered but is
exposed.  There are no scuff marks on the rounded end of the instrument.

            Anderson did not tell the officer that
he used the instrument as a walking stick.  He said he used it to ward off
dogs.  At trial, Anderson explained that he had a medical condition and that, in
addition to warding off dogs, he used the instrument as a walking stick in the
woods when he takes his children camping.  The instrument did not look like a
walking stick to the officer because it did not have a rubber piece on the
bottom as a walking cane would normally have.  And because there was no rubber piece,
the instrument did not have any scuff marks on the bottom of it as it would if
it had been used as a walking stick.

            Viewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
wooden instrument met the definition of a club beyond a reasonable doubt.  Accordingly,
the evidence is legally sufficient to support the conviction.  Further, the
jury was not required to credit Anderson’s explanation of what was the
instrument’s use.  Considering all of the evidence in a neutral light, the jury
was rationally justified in finding guilt beyond a reasonable doubt. 
Accordingly, the evidence is factually sufficient to support the conviction. 
Anderson’s third and fourth issues are overruled.

Conclusion

            Having overruled each of Anderson’s issues on appeal, the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed May 6, 2009

Do
not publish 

[CR25]